# JEREMY GUTMAN
ATTORNEY AT LAW
521 FIFTH AVENUE, 17TH FLOOR
NEW YORK, NEW YORK 10175

(212) 644-5200                                                              JGUTMAN@JEREMYGUTMAN.COM

July 1, 2024

**By ECF**

Hon. Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    United States v. Bulloch
              20 Cr. 181 (EK)

Dear Judge Komitee:

        Pursuant to F.R.A.P. 28(j), I write to call attention to *Fischer v. United States*, 23-5572, 2024 WL 3208034 (United States June 28, 2024), in which the Supreme Court followed an approach to interpreting a criminal statute that is relevant to Kent Bulloch's pending appeal.

        *Fischer* reversed the conviction of a January 6th defendant under a statute that applies when one "otherwise obstructs, influences, or impedes any official proceeding" [15 U.S.C § 1512(c)(2)]. Notwithstanding that impeding Congress's certification of election results falls within a literal reading of that subsection, the Court concluded that, when read together with the preceding subsection, which penalizes altering or concealing a "record, document, or other object" [§ 1512(c)(1)], the "otherwise" provision applies only to acts affecting documents or other evidence used in an official proceeding. *Fischer*, 2024 WL 3208034, at *10.

        In the present case, we argue that the meaning of "accumulate" in 50 U.S.C. § 4512 is limited by the words that precede it ("In order to prevent hoarding"), while the government advocates a broad dictionary definition that is not cabined by the context in which the word appears. The *Fischer* Court applied a canon of statutory construction, *noscitur a sociis*, that counsels against the government's approach and supports ours. That canon:

> teaches that a word is given more precise content by the neighboring words with which it is associated. That avoids ascribing to one word a meaning so broad that it is inconsistent with the company it keeps.

*Id*. at 5.[1] The Court explained that limiting the reach of a statutory provision by reading it in the context of the words that accompany it "affords proper respect to the prerogatives of Congress in carrying out the quintessentially legislative act of defining crimes . . . ." *Id*. at 9. It emphasized that, because of its recognition that "the power of punishment is vested in the legislative, not in the judicial department," the Court has "traditionally exercised restraint in assessing the reach of a federal criminal statute." *Id.*

                                                Respectfully,

                                                /s/
                                                Jeremy Gutman
                                                *Attorney for Defendant*
                                                *Kent Bulloch*

---

[1] Quotations in this letter omit all internal alterations, quotation marks, footnotes, and citations.